UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AL-JOHN NDOYI SAKASAMO,

      Plaintiff,

      v.        Case No. 25-cv-1396-bhl

BEAU MORLEY,
TAYLOR RYAN,
CLINT C. KRIEWALDT,
RYAN WALDSCHMIDT,
RENEE DEWITT, and
TRICIA L. WALKER,

      Defendants.

## SCREENING ORDER

Plaintiff Al-John Ndoyi Sakasamo, who is currently confined at the Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Sakasamo's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Sakasamo has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Sakasamo filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. A review the statement reveals that Sakasamo has neither the assets nor the means to pay an initial partial filing fee. The Court will

therefore waive Sakasamo's obligation to pay an initial partial filing fee and will grant his motion for leave to proceed without prepaying the filing fee. *See* 28 U.S.C. §1915(b)(4).

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Sakasamo was found not guilty by reason of mental disease or mental defect on November 18, 2020, in *Wisconsin v. Sakasamo*, 2020CF0112 (Fond du Lac County), and was then confined at Mendota Mental Health Institute. According to the publicly available docket, the state court approved a conditional release plan for Sakasamo on June 19, 2023. The government then filed a statement of probable cause for detention and a petition for revocation of his conditional release on July 28, 2023 and the state court held a hearing on the petition on August 22, 2023. A few weeks later, on September 11, 2023, the court held another hearing at which the Department of Health Services (DHS) represented that it was looking for a structured placement setting for Sakasamo that was not with his family. On October 13, 2023, DHS explained that it had found a placement for Sakasamo and was waiting for a bed date. According to Sakasamo, he was nevertheless held at the Fond du Lac County Jail until November 2023 on "threats of a revocation that never happened." He states that during that time, he received "zero psychiatric care."

Sakasamo also makes a series of allegations about events that occurred 18 months later. He asserts that from April 2025 until September 2025, he was detained at the Outagamie County Jail and the Fond du Lac County Jail. He states that his conditional release was revoked, which the Department of Health Services knew would cause him "severe mental consequences." Sakasamo also alleges that his conditional release team, consisting of Beau Morely, Renee Dewitt, and Taylor Ryan, "did everything to make sure [he] would have the most legally stressful[], mentally taxing experience possible, in order to trigger [his] behavior into a state that [he] would

give Tricia Walker grounds to take away [his] bodily autonomy by giving [him] court-ordered medication." Finally, Sakasamo alleges that jails are incapable of providing adequate mental health treatment to inmates.

Sakasamo requests that his commitment order be terminated "since it was a false charge to begin with" and that anything related to this be expunged from his "otherwise clean criminal record." He also requests "as much financial compensation in damages as humanly possible."

### THE COURT'S ANALYSIS

Sakasamo's complaint is legally and factually deficient for the following reasons. First, it appears that Sakasamo is seeking to bring unrelated claims against different sets of defendants. While not entirely clear, it appears that he wants to bring claims based on the allegedly inadequate care that he received for his mental health challenges at three different jails at various points in time. He also appears to want to sue his "conditional release team" based on how they treated him during the process of revoking his conditional release. Finally, he appears to want to sue the judge who ordered that he be forcibly medicated.

While a party may pursue multiple claims against a single party, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). Multiple defendants can be joined in a single case *only* if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Sakasamo's claims against unidentified staff members at three different jails do not arise out of the same transaction

4

or occurrence, nor do they have common questions of law or fact. Similarly, claims about how Sakasamo's mental health challenges were addressed at a particular jail are distinct from claims about how he was treated by his conditional release team, which in turn are distinct from a claim based on the alleged order to forcibly medicate him. In short, the complaint is deficient because it contains unrelated claims against different sets of defendants and therefore violates Rules 18 and 20.

Sakasamo's complaint also violates Rule 8 because it does not contain sufficient factual matter to provide notice to the Court and the defendants of what Sakasamo believes each particular defendant did or did not do to violate his rights. For example, Sakasamo vaguely asserts that he did not receive any mental health treatment while in jail, but he includes no allegations about what his symptoms were, who he alerted about his condition, how a particular person responded to his condition, or how that person's response (or lack thereof) impacted him. Similarly, he vaguely asserts that his conditional release team made the revocation process as difficult as possible, but he does not explain what each person did or did not do, what Sakasamo did or did not do in response to those actions, or how their actions (or inaction) impacted him. As noted above, the pleading standard in Rule 8 does not require detailed factual allegations, but it does require more than a vague and unsupported accusation of wrongdoing. *Iqbal*, 556 U.S. at 678.

Finally, Sakasmo's complaint fails because, at this stage, the federal courts cannot provide him with the relief he requests. Specifically, this Court lacks the authority to undo a commitment order or to expunge a person's record of state court criminal convictions. *See Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent he seeks relief from a state court ruling, including his commitment order, Sakasamo must first challenge that ruling in state court, not federal court. Moreover, a complaint seeking damages (as opposed to immediate release) must be dismissed if a

5

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Accordingly, to the extent Sakasamo seeks to bring a claim based on an argument that the commitment order is invalid, such a claim is barred because that order has not been invalidated by the state court.

For the foregoing reasons, the complaint is deficient. Therefore, if Sakasamo wants to proceed with this lawsuit, he will need to file an amended complaint by **December 15, 2025**, that cures the deficiencies identified in this decision. Sakasamo should draft his amended complaint like he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) how he was impacted. Sakasamo should set forth his allegations in short and plain statements. He should also ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Sakasamo is advised that the amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Sakasamo's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Sakasamo's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 15, 2025**, Sakasamo may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Sakasamo a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Sakasamo shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Sakasamo's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Sakasamo is transferred to another institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Sakasamo is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Sakasamo is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

8

Case 2:25-cv-01396-BHL    Filed 11/18/25    Page 8 of 8    Document 8